UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO:   07-20274-03

v

GARY DOWR HAMLIN
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

### Alternative Findings (A)

Does not apply.

### Alternative Findings (B)

(1)     There is a serious risk that the Defendant will not appear.

(2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

At the threshold, counsel for the Defendant argues that none of the statutory bases which allow the government to move for detention are present in this case.  The Court finds that this argument fails to pass muster.  In light of the Defendant's repeated failures to appear for urinalysis testing and his failures to attend treatment while under probation there is, within the meaning 18 U.S.C. § 3142(f)(2)(A), sufficient basis to conclude that there is a serious risk of flight, so as to justify the convening of a detention hearing either upon request of the United States Attorney or upon the court's own motion.  Therefore, the Court finds that the motion is properly brought under the Bail Reform Act.

All parties agree, as does the Court, that none of the presumptions in favor of detention apply. I will therefore consider the Defendant's circumstances under the standards set forth under the factors in 18 U.S.C. §3142(g). As to the factors set forth in subsections (g)(1) and (g)(2), the Court finds that the crimes charged in the Indictment do not involve weapons or violations of the Controlled Substances Act. Under subsection (g)(2), from the a grand jury having passed an Indictment, there is a definite weight of evidence against the Defendant.

As to the factors set forth in subsection (g)(3), the Defendant is 48 years of age and has been incarcerated since June of 2007 in the Gladwin County jail as a result of a probation violation. Prior to his incarceration, the Defendant lived for a brief period in Atlanta, Michigan. Prior to that, the Defendant resided for two years in Remus and St. Louis Michigan. The Defendant is self-employed working as an automobile mechanic. He has had other brief periods of employment.

During his interview with Pretrial Services, the Defendant admitted the use of marijuana since the age of 17. He also indicated that he has a history of alcohol abuse. Because the Defendant was incarcerated, no initial urinalysis screening was undertaken by Pretrial Services.

In 1990, the Defendant pled guilty to Criminal Sexual Conduct - 3rd degree, and was sentenced to two to five years custody. In 2005, the Defendant pled guilty to Failure to Comply with Michigan's sex offender registration requirements. Counsel for Defendant states that this violation involved the Defendant reporting one day late for one of his regular registrations. In August of 2006, the Defendant pled guilty to Possession of Marijuana, and was sentenced to a one-year suspended jail term and nine months of probation, together with fines. In November 2006 and February of 2007, the Defendant tested positive for marijuana. As a result, the Gladwin County court terminated his probation and sentenced the Defendant to 45 days custody. Pretrial Services also notes that while the Defendant was on probation in Gladwin County, he was ordered to submit to urinalysis 33 times. Of those tests, he submitted 18 positive urinalysis tests, and failed to appear on 10 occasions.

As I noted earlier, Defendant has also failed to undergo required substance abuse counseling. Although defense counsel suggests that Defendant's recent change of address places him in

circumstances where there is less temptation to violate the terms of his supervision, I cannot overlook the fact that at least six circuits have held that continued drug use and dealing constitutes a danger to the community. *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d 846 (8th Cir. 1986). Moreover, the Defendant's consistent failure to abide by the conditions of probation in cases less serious than this forces me to conclude that there is little if any likelihood that the Defendant will comply with any conditions set by this Court. Accordingly, under the Bail Reform Act, I find that there are no conditions, nor any combination of conditions, that would reasonably assure the Defendant's appearance as required. Therefore, the Government's motion to detain will be **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: August 1, 2007        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on James Brunson and Ken Sasse, and served by other electronic means on Pretrial Services and the U.S. Marshal's Service.

Date: August 1, 2007        By    s/Jean L. Broucek
                                                    Case Manager to Magistrate Judge Binder